IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MIRCHELLE T. PLUMMER,     *
    Plaintiff,             *
vs.                       *
                                        CASE NO. 4:18-CV-32 (CDL)
THE HOUSING AUTHORITY OF  *
COLUMBUS, GEORGIA, *et al.*,
                         *
    Defendants.
                          *

O R D E R

Plaintiff Mirchelle T. Plummer claims that her employer, Defendant the Housing Authority of Columbus discriminated against her because of her race, age, religion, sex, and disability. She further asserts that the Housing Authority retaliated against her for complaining of discrimination and deprived her of her rights secured by the Thirteenth Amendment to the United States Constitution and 42 U.S.C. § 1981. Plummer also named several Housing Authority employees as Defendants. Defendants filed a motion to dismiss Plummer's entire Complaint for failure to state a claim. As discussed below, the motion (ECF No. 4) is granted in part and denied in part, and Plummer shall have one opportunity to amend her Complaint.

MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

FACTUAL ALLEGATIONS

Plummer, who is proceeding pro se, alleges the following facts in support of her claims. The Court must accept these allegations as true for purposes of the pending motion.

Plummer is an employee of the Housing Authority. She works under the direction of Defendants Mimi James, Susan McGuire, Tashee Singleton, Lisa Walters, and Len Williams. Plummer alleges that she is disabled, but she did not allege any facts about her disability.

Plummer has worked for the Housing Authority since 1999. In November 2016, Plummer filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging age, religion,

2

and disability discrimination. Compl. 19, ECF No. 1. Plummer received a right-to-sue letter in May 2017. She "decided not to file a law suit at that time." *Id.*

Plummer alleges that since November 2016, she has applied for "numerous positions" but has not been granted an interview. *Id.* And, after Plummer received the May 17, 2017 right-to-sue letter, she was (1) denied time off for doctor's visits, (2) denied a lateral transfer, and (3) denied reasonable accommodations for her disability. *Id.* She further alleges that in August 2017, "several positions were filled by applicants who are less qualified." *Id.* at 19; *accord id.* at 2, ¶ 7. Plummer asserts that she was denied these opportunities "because of her (Retaliation), Religion Age or Sex and Disability [sic]." *Id.* at 3, ¶ 10; *accord id.* at 3, ¶ 14. And she alleges that Defendants told her that because of her disability, she would not be able to perform any duties other than those she was already assigned. *Id.* at 3, ¶ 10; *id.* at 2, ¶ 8. Plummer also claims that Defendants changed her pay "in a disparate manner from similarly situated white employees." *Id.* at 3, ¶ 9.

Plummer filed another EEOC charge of discrimination in November 2017. In that EEOC charge, Plummer alleges that Defendants discriminated against her based on her disability. Compl. Attach. 1, Nov. 2017 EEOC Charge 1, ECF No. 1-1. She also claims that Defendants retaliated against her for filing a prior EEOC charge and for complaining of discrimination and harassment.

3

*Id.* And, Plummer asserts that she experienced additional harassment after she filed the November 2017 EEOC charge. Compl. 19.

Plummer brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634 ("ADEA"), and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA"). Compl. 17. She also invoked the Thirteenth Amendment to the United States Constitution, 42 U.S.C. § 1981, 42 U.S.C. § 1983, and the Civil Rights Act of 1871.[1] *Id.* at 1.

## DISCUSSION

Defendants seek dismissal of all of Plummer's claims. They contend that her claims against the individual Defendants are not permitted under the law, that her Thirteenth Amendment claim fails as a matter of law, that some of her claims are untimely, that some of her claims are barred for failure to exhaust administrative remedies, and that her remaining claims are not supported by specific factual assertions as required by the law. The Court addresses each argument in turn.

---

[1] 42 U.S.C. § 1983 is "derived from § 1 of the Civil Rights Act of 1871." *Carey v. Piphus*, 435 U.S. 247, 253 (1978).

4

## I. Claims Against the Individual Defendants

Plummer's claims against the Housing Authority are based on the conduct of Defendants James, McGuire, Singleton, Walters, and Williams. In response to Defendants' motion to dismiss, Plummer agreed to withdraw her claims against these individual Defendants. Pl.'s Opp'n to Defs.' Mot. to Dismiss 1, ECF No. 11. Therefore, her claims against the individual Defendants are dismissed.

## II. Thirteenth Amendment Claim

Plummer invoked the Thirteenth Amendment in her Complaint. That amendment prohibits slavery and involuntary servitude. U.S. Const. amend. XIII, § 1. Plummer does not allege that the Housing Authority forced her to work, and she does not allege any facts to suggest a practice that can "be equated to an actual restraint on the liberty of black citizens that is in any sense comparable to the odious practice the Thirteenth Amendment was designed to eradicate." *City of Memphis v. Greene*, 451 U.S. 100, 128 (1981). Therefore, her Complaint fails to state a claim under the Thirteenth Amendment, and this claim is dismissed.

## III. Untimely and Unexhausted Claims

A plaintiff seeking relief under Title VII, the ADEA, or the ADA must first exhaust her administrative remedies by filing a charge of discrimination with the EEOC. *See* 42 U.S.C. § 2000e-5(b) & (f)(1) (setting forth procedures for EEOC to handle Title VII charges of discrimination and stating that a civil action may

be brought after the EEOC procedures are finished); 29 U.S.C. § 626(d)(1) (stating that no ADEA civil action may be commenced unless an EEOC charge has been filed); 42 U.S.C. § 12117(a) (incorporating the procedures set forth in 42 U.S.C. § 2000e-5 for ADA disability discrimination claims). The purpose of the exhaustion requirement is to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices" so it can "perform its role in obtaining voluntary compliance and promoting conciliation efforts." *Gregory v. Ga. Dep't of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) (quoting *Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 929 (11th Cir. 1983)). If the EEOC dismisses the charge or otherwise terminates the proceedings, it must send the plaintiff a notice, often called a right-to-sue letter. Once the plaintiff receives the right-to-sue letter, she must file her action within ninety days. *See* 42 U.S.C. § 2000e-5(f)(1) (setting 90-day deadline for Title VII and ADA cases); 29 U.S.C. § 626(e) (setting 90-day deadline for ADEA cases).

A. Claims Raised in the November 2016 EEOC Charge

The Housing Authority argues that any claims based on conduct listed in Plummer's November 16, 2016 EEOC Charge are time-barred. The Housing Authority is correct. Plummer alleges in her Complaint that she received a right-to-sue letter from the EEOC regarding that charge in May 2017. She was required to file an action within

6

ninety days after receipt of that right-to-sue letter. Even if the Court assumes a May 31, 2017 receipt date, Plummer was required to file an action by August 29, 2017. She did not file this action until February 12, 2018. Claims based on employment decisions listed in the November 2016 EEOC Charge are therefore dismissed as time-barred.

B. Claims Outside the Scope of the November 2017 EEOC Charge

Defendants argue that several of Plummer's claims are barred because Plummer did not exhaust her administrative remedies for those claims. A "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (quoting *Alexander v. Fulton Cty.*, 207 F.3d 1303, 1332 (11th Cir.2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (en banc)). "[J]udicial claims are allowed if they 'amplify, clarify, or more clearly focus' the allegations in the EEOC complaint, but . . . allegations of new acts of discrimination are inappropriate." *Id.* at 1279-80 (quoting *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir. 1989)).

In the "discrimination based on" section of her November 2017 EEOC Charge, Plummer checked the "retaliation" and "disability" boxes. Compl. Attach. 1, Nov. 2017 EEOC Charge 1, ECF No. 1-1 at 2. In the "particulars" section, Plummer stated that she filed an EEOC charge in February 2017 and was then "denied time off for

7

doctor's visits, denied a lateral transfer," denied "reasonable accommodation," and harassed. *Id.* She further stated that she complained about the harassment and lack of accommodation, but nothing was done. *Id.* And, Plummer stated that she believed she was discriminated against because of her disability and subjected to retaliation "for opposing unlawful employment practices, in violation of Title I of the [ADA]." *Id.* This EEOC Charge reflects an intention to pursue a claim of disability discrimination and claims of retaliation for her February 2017 EEOC Charge and her complaints of disability discrimination, harassment, and retaliation. There is no mention of discrimination based on Plummer's age, race, sex, or religion, and there is no mention of retaliation based on complaints about such discrimination.

Plummer argues that a reasonable investigation of the November 2017 EEOC Charge *would* encompass age and religious discrimination because that Charge states that she was retaliated against for her February 2017 EEOC Charge. The February 2017 EEOC charge alleges age and religious discrimination (but not race or sex discrimination). Thus, an investigation of the November 2017 EEOC Charge would reveal the underlying conduct that was alleged in the February 2017 EEOC Charge. But even if the discrimination and related retaliation allegations asserted in the February 2017 Charge are within the scope of the November 2017 Charge, Plummer's present *claims* based on that conduct are untimely. Plummer

8

asserted in her November 2017 EEOC Charge that she received a right-to-sue letter regarding the February 2017 EEOC Charge on July 12, 2017. Compl. Attach. 1, Nov. 2017 EEOC Charge 1, ECF No. 1-1 at 2. Therefore, she had ninety days from that date, until October 10, 2017, to file a civil action related to those claims. She did not, so her Title VII, ADEA, and ADA claims based on employment decisions listed in the February 2017 EEOC Charge are time-barred.

In summary, the only claims for which Plaintiff exhausted her administrative remedies and timely filed a civil action are her disability discrimination claims and her claims that the Housing Authority retaliated against her for her February 2017 EEOC Charge and for making additional complaints of disability discrimination. She did not assert any viable claims under Title VII or the ADEA, so those claims are dismissed.

## IV. Plummer's ADA Claims[2]

Plummer asserts that the Housing Authority discriminated against her because she had a disability, refused her requests for reasonable accommodations for her disability, subjected her to a discriminatory and retaliatory hostile work environment, retaliated against her for filing the February 2017 EEOC Charge,

---

[2] Defendants argue that Plummer improperly tried to bring her ADA claims under Title VII and that her ADA claims should be dismissed on that ground. Plummer's pro se Complaint is not a model of clarity, but it states that her claims are brought under Title VII *and* the ADA. Compl. 17.

9

and retaliated against her for complaining of disability discrimination.

### A. ADA Discrimination Claim

The ADA prohibits discrimination "against a qualified individual on the basis of disability" in any of the "terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). So, to state a discrimination claim under the ADA, a plaintiff must demonstrate that "she had a disability, she was a qualified individual, and she was subjected to unlawful discrimination because of her disability." *U.S. Equal Employment Opportunity Comm'n v. St. Joseph's Hosp., Inc.*, 842 F.3d 1333, 1343 (11th Cir. 2016). The Housing Authority correctly argues that Plummer's Complaint does not allege enough *facts* to support an ADA discrimination claim. Plummer did not allege any facts about what her disability is, so the Court cannot tell from her current Complaint whether she has a disability that meets the ADA's definition of "a physical or mental impairment that substantially limits one or more major life activities of [an] individual;" "a record of such an impairment," or "being regarded as having such an impairment." 42 U.S.C. § 12102(1). Plummer does not allege any facts to suggest that she was a "qualified individual," which "means an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. 42

U.S.C. § 12111(8). And, although Plummer alleges that she applied for but was denied several unspecified positions because of her disability, *see* Compl. 19, it is not clear whether the Housing Authority denied her a promotion or merely a lateral transfer. For these reasons, Plummer's current Complaint fails to state a claim of disability discrimination.

Plummer acknowledges that her Complaint does not allege sufficient facts to support her claims, and she asked that she be permitted to file an amended Complaint to add more facts. "When 'a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.'" *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1254 (11th Cir. 2017) (quoting *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001)). Here, Plummer has not previously amended her Complaint, and the Court cannot find based on the present record that an attempt to amend her disability discrimination allegations would be futile. If Plummer intends to assert a disability discrimination claim based on an adverse employment action that was taken because of her disability, she shall amend her Complaint to add facts supporting such a claim, including facts regarding her disability and the specific adverse employment actions she contends were taken because of her disability.

B.  ADA Accommodation Claim

An employer unlawfully discriminates against a qualified individual with a disability when the employer refuses to provide reasonable accommodations for the disability unless doing so "would impose an undue hardship on" the employer's business operations. 42 U.S.C. § 12112(b)(5)(A). To state a failure to accommodate claim, a plaintiff must show that she was a qualified individual with a disability, that she requested a reasonable accommodation that would allow her to perform the job's essential functions, and that the reasonable accommodation was denied. *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1255-56 (11th Cir. 2001).

Here, as discussed above, Plummer did not allege any facts to support her claim that she is a qualified individual with a disability. She also did not state what specific reasonable accommodations she requested that were denied. For these reasons, Plummer's current Complaint fails to state a claim for failure to accommodate. If Plummer intends to assert a disability discrimination claim based on a failure to accommodate, she shall amend her Complaint to add facts supporting such a claim, including facts regarding her disability and the specific accommodations she requested that were denied.

C.  Hostile Work Environment Claim

Plummer summarily alleges that Housing Authority employees created a hostile work environment because of her disability and

in retaliation for her EEOC Charges and her complaints of disability discrimination. Although the Housing Authority seeks dismissal of Plummer's entire Complaint for failure to state a claim, it did not clearly address this claim in its Motion to Dismiss, and the Court thus declines to dismiss it. Plummer may amend her Complaint to add specific facts in support of her hostile work environment claim.

D. Retaliation Claims

The ADA prohibits retaliation against an individual who opposes disability discrimination or makes a charge of discrimination under the ADA. 42 U.S.C. § 12203(a). To establish a retaliation claim under the ADA, a plaintiff must show that she engaged in conduct protected by the ADA and was subjected to a retaliatory adverse employment action because of that protected conduct. *Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1158 (11th Cir. 2005), *superseded by statute on other grounds as stated in Frazier v. Burwell*, No. 1:14-CV-3529-WBH-JKL, 2016 WL 10650814, at *8 n. 17 (N.D. Ga. July 15, 2016).

The Housing Authority does not dispute that the February 2017 EEOC Charge is protected activity under the ADA's participation clause, but the Housing Authority did not address whether Plummer adequately alleged that her complaints to her supervisors are protected activity under the ADA's opposition clause. The Housing Authority does argue that Plummer did not allege enough facts to

13

suggest that she suffered a materially adverse employment action because of her protected activity. The Court agrees that Plummer's current Complaint fails to state a claim for retaliation because it does not clearly state what adverse employment actions she suffered or how those adverse employment actions are causally related to specific protected activity. Plummer may amend her Complaint to add facts in support of her retaliation claims.

**V.     Plummer's 42 U.S.C. § 1981 Claims**

Plummer invokes 42 U.S.C. § 1981 and 42 U.S.C. § 1983 on the first page of her Complaint. Compl. 1. Section 1981 provides that "[a]ll persons . . . shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). In the employment context, § 1981 protects against discrimination based on race. Section 1981 also "encompasses claims of retaliation." *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 457 (2008). When a plaintiff asserts § 1981 claims against a public employer, she must use the remedial provisions of § 1983. *Butts v. Cty. of Volusia*, 222 F.3d 891, 893 (11th Cir. 2000).

In a footnote, the Housing Authority stated that it did not believe that Plummer intended to assert claims under § 1981. But Plummer alleges, albeit summarily, that, her pay was changed "in a disparate manner from similarly situated white employees." Compl. 3, ¶ 9. This allegation, along with Plummer's invocation

of § 1981 and § 1983, suggests that Plummer is attempting to assert a race discrimination claim under § 1981. Plummer also alleges that she was retaliated against for engaging in protected activity, although she does not specifically allege that she was retaliated against for complaining of *racial* discrimination. If Plaintiff intends to pursue discrimination and retaliation claims under § 1981, she may amend her Complaint to allege additional facts in support of these claims.

CONCLUSION

As discussed above, Defendants' motion to dismiss (ECF No. 4) is granted as to the following claims: claims against the individual Defendants; claims under the Thirteenth Amendment; claims based on employment decisions listed in the November 2016 EEOC Charge; claims based on employment decisions listed in the February 2017 EEOC Charge; and Plummer's Title VII and ADEA claims. The only claims remaining are Plummer's ADA claims and § 1981 claims. Within twenty-eight days of the date of this Order, Plummer shall file an amended Complaint that provides additional factual support for each of her remaining claims. She shall not reassert claims that have been dismissed or withdrawn.

IT IS SO ORDERED, this 20th day of July, 2018.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

15