IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MIRCHELLE T. PLUMMER,                *

    Plaintiff,                   *

vs.                                  *
                                      CASE NO. 4:18-CV-32 (CDL)
THE HOUSING AUTHORITY OF             *
COLUMBUS, GEORGIA,
                             *

    Defendant.
                             *

O R D E R

Mirchelle T. Plummer claims that her employer, the Housing Authority of Columbus, discriminated against her because of her race, sex, religion, age, and disability. She further asserts that the Housing Authority retaliated against her for complaining of discrimination. The Housing Authority previously moved to dismiss this action in its entirety for failure to state a claim. The Court dismissed a number of Plummer's claims because they failed as a matter of law. Order on Mot. to Dismiss 5-9 (July 20, 2018), ECF No. 13. The only remaining claims were Plummer's claims under 42 U.S.C. § 1981 and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112 to 12117 ("ADA"). Plummer's original Complaint did not allege enough facts to state a claim under the ADA or § 1981, but the Court gave Plummer an opportunity to amend her Complaint to provide additional factual allegations in support of these

claims. As discussed below, Plummer's Amended Complaint does not cure the defects in her original Complaint, and the Housing Authority's Motion to Dismiss (ECF No. 17) is granted.

**I. ADA Claims**

The Court previously concluded that Plummer had not alleged enough facts to suggest that she had a disability within the meaning of the ADA. Order on Mot. to Dismiss 10-11. The Court stated: "If Plummer intends to assert a disability discrimination claim based on an adverse employment action that was taken because of her disability, she shall amend her Complaint to add facts supporting such a claim, including facts regarding her disability and the specific adverse employment actions she contends were taken because of her disability." *Id.* at 11. Like her original Complaint, Plummer's Amended Complaint summarily alleges that she had a disability, but it alleges no *facts* regarding the alleged disability—nothing from which the Court can tell that Plummer had a physical or mental impairment that substantially limited one or more major life activities. It also alleges no specific facts regarding adverse employment actions that were taken because of her disability. Thus, Plummer's Amended Complaint fails to state a claim of disability discrimination.

Plummer likewise did not cure her ADA failure to accommodate claim. The Court previously stated: "If Plummer intends to assert a disability discrimination claim based on a

failure to accommodate, she shall amend her Complaint to add facts supporting such a claim, including facts regarding her disability and the specific accommodations she requested that were denied." *Id.* at 12. As discussed above, Plummer's Amended Complaint does not allege any facts to support her claim that she was a qualified individual with a disability. Plummer's Amended Complaint also does not have any factual allegations about the specific accommodations she requested but was denied. Her Amended Complaint thus fails to state a failure to accommodate claim.

Plummer argues that she was subjected to a hostile work environment because of a disability, and the Court previously gave her permission "to add specific facts in support of her hostile work environment claim." *Id.* at 13. Again, Plummer did not allege any facts to support her claim that she was a qualified person with a disability. Nor did she add any specific facts regarding the alleged hostile work environment. Her Amended Complaint thus fails to state a hostile work environment claim.

Finally, Plummer asserts that she was retaliated against for complaining of disability discrimination. Plummer's original Complaint failed "to state a claim for retaliation because it [did] not clearly state what adverse employment actions she suffered or how those adverse employment actions [were] causally related to specific protected activity." *Id.* at 14. The Court stated: "Plummer may amend her Complaint to add

facts in support of her retaliation claims." *Id.* at 14. Plummer's Amended Complaint does not contain any specific facts regarding what adverse employment actions she suffered or how those adverse employment actions were causally related to protected activity. Her Amended Complaint thus fails to state a retaliation claim.

**II. Section 1981 Claims**

The Court previously concluded that Plummer had not alleged enough facts to support a racial discrimination or retaliation claim under § 1981. *Id.* at 14-15. The Court stated: "If Plaintiff intends to pursue discrimination and retaliation claims under § 1981, she may amend her Complaint to allege additional facts in support of these claims." *Id.* at 15. Plummer's Amended Complaint contains no new facts in support of her § 1981 claims. Plummer's Amended Complaint fails to state a § 1981 claim.

CONCLUSION

The Court told Plummer exactly why her original Complaint failed to state a claim and gave her an opportunity to cure the defects. She failed to do so. The Housing Authority's Motion to Dismiss (ECF No. 17) is granted.

IT IS SO ORDERED, this 11th day of December, 2018.

s/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
